NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ROBIN A. DUNLAP,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2012-3137

---

Appeal from the Merit Systems Protection Board in No. AT1221100927-B-1.

---

Decided: January 11, 2013

---

ROBIN A. DUNLAP, of Oviedo, Florida, pro se.

ANTHONY W. MOSES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before DYK, PLAGER, and CLEVENGER, *Circuit Judges.*

PER CURIAM

Robin Dunlap (Dunlap) seeks review of the final decision of the Merit Systems Protection Board (Board) denying her request for corrective action on account of her claim of reprisal for whistleblowing and of involuntary retirement. *Dunlap v. Dep't of the Navy*, Docket No. AT-1221-10-0927-B-1 (March 20, 2012). We *affirm*.

I

On August 10, 2010, Dunlap filed an individual right of action (IRA) appeal with the Merit Systems Protection Board (Board) alleging that in 2005 the Department of the Navy had retaliated against her for whistleblowing when it failed to promote her from GS-13 to GS-14 based upon accretion of duties, moved her from a private office to a cubicle office, and committed other acts which she believes constituted a hostile work environment. Dunlap brought her whistleblower complaint to the Office of Special Counsel (OSC) in 2009, and OSC notified her on July 30, 2010, that it was terminating its investigation. Further, Dunlap argued that the agency's creation of a hostile work environment caused her to retire involuntarily in 2005.

Dunlap's August 10, 2010 action was dismissed by an Administrative Judge (AJ). Regarding her IRA claim, the AJ held that the whistleblower allegations were substantially the same as ones Dunlap had raised to the OSC in 2005, and which the OSC had rejected by terminating its investigation. Following that rejection, Dunlap did not appeal to the Board. The Board's regulations require an appeal from an OSC termination to be filed no later than 65 days after the issuance of OSC's written notification of termination, or if the notification is received more than 5 days after its issuance, within 60 days

after receipt of the notification. Dunlap did not timely appeal the 2005 OSC termination. Although Dunlap's IRA appeal to the Board was timely with regard to the July 30, 2010 OSC termination notice, the AJ was of the view that Dunlap was trying to end-run the obligation of a timely appeal from the 2005 OSC action, where the allegations of whistleblowing are substantially the same.

Consequently the AJ dismissed Dunlap's IRA appeal as untimely, rejecting Dunlap's argument that new evidence sufficiently differentiated her 2010 appeal from her earlier request for relief from OSC in 2005.

As for Dunlap's involuntary retirement appeal, the AJ dismissed that claim too, holding that Dunlap had failed to overcome the presumption that her retirement was voluntary.

Dunlap appealed both dismissals to the full Board. Regarding the IRA appeal, the full Board held that Dunlap's new evidence was sufficient to warrant a fresh complaint to OSC in 2009, and that her IRA appeal to the Board was thus timely. Based on allegations in Dunlap's complaint to OSC, the full Board held that Dunlap had made a non-frivolous allegation of making a protected disclosure that was a contributing factor in the agency's decision not to promote her. In particular, the full Board held that Dunlap's communication to the Inspector General on August 2, 2004, about improprieties in the agency's hiring process was a non-frivolous allegation of a protected disclosure. Coupled with Dunlap's allegation that the agency failed to promote her on July 12, 2005, because of the disclosure to the Inspector General, the full Board held that Dunlap was entitled to a decision on the merits on at least this one aspect of her IRA appeal. The Board ordered a remand for full review of Dunlap's whistleblower complaint: "On remand, the administrative judge should also examine any other claim that the appellant raised in her timely IRA appeal to

determine Board jurisdiction, and, if the appellant has shown jurisdiction, to decide the merits of these claims as well." Full Board Opinion, May 20, 2011, page 4.

As for the involuntary retirement appeal, the full Board sustained the AJ's decision, noting that evidence supports the AJ's finding that Dunlap admitted that she freely chose retirement in light of her personal family situation. In the light of the remand on the IRA claim, the full Board noted that Dunlap could appeal the rejection of her involuntary retirement claim once the case was fully adjudicated.

## II

Because of the long history of this case, we called for the complete record before the Board. Dunlap provided the AJ with a voluminous record in which she detailed her allegations regarding both her alleged protected disclosures and the agency actions she alleged had been taken against her in retaliation for her disclosures. The full Board Order remanding the case to the AJ identified one instance of a disclosure and an alleged retaliatory act sufficient to vest jurisdiction over Dunlap's IRA appeal. No doubt in response to the express order to consider other non-frivolous allegations of protected whistleblowing, the AJ on June 23, 2011, issued an Order and Notice of Hearing and Prehearing Conference. In the June 23 Order, the AJ identified the August 2, 2004 communication and the alleged July 12, 2005 failure of promotion as the IRA claim that the AJ would adjudicate. The AJ also noted his duty to consider any other claim raised in Dunlap's IRA appeal and determine if additional non-frivolous allegations existed in the record. The AJ noted that consistent with the remand order, he conducted a preliminary review of the record and concluded that no additional non-frivolous allegations had been made. The AJ consequently stated: "Accordingly, if the appellant disagrees and still desires that any additional claims be

considered in this IRA appeal she is ORDERED to provide me with the information specified below within 10 days from the date of this Order. Otherwise the IRA will be limited to the single alleged protected disclosure and the alleged personnel action specified in the Board's Remand Order." June 23 Order at 1-2. "The information specified below" related the statutory language concerning protected disclosures and personnel actions, and provided specific instructions to Dunlap on how to present any additional claims. The June 23 Order set forth dates for a prehearing conference and hearing.

On July 1, 2011, Dunlap responded to the June 23 Order. She set forth 11 specific alleged protected disclosures and additional personnel actions allegedly taken in reprisal. Subsequently, Dunlap withdrew alleged protected disclosures 1, 5 and 7-10, and waived her right to a hearing. On August 19, 2011, the AJ issued an Order and Summary of Telephonic Status Conference. The Order stated that the single issue remaining for trial was "[w]hether the agency retaliated against the appellant for protected whistleblowing" with the alleged protected disclosures reduced to disclosures 2, 3, 4, 6 and 11. The Order stated that "if either party takes exception to any part of this summary, including its accuracy or inclusiveness, the party is ORDERED to state the exception in writing…within seven days of the date of this Order." August 19 Order at 1. For purposes of additional evidence and argument on the single issue specified for trial, the August 19 Order stated that the record would close on August 29, 2011. August 19 Order at 2.

On August 29, 2011, Dunlap submitted a 54-page, single-spaced document, which contained extensive allegations of fact and argument concerning the alleged protected disclosures and personnel actions specified for trial. She also sought to introduce one additional issue, namely that as a "perceived whistleblower" she was entitled to relief in her IRA case even if her particular

disclosures did not qualify under the law for protection. She cited *Holloway v. Dep't of the Interior*, 82 M.S.P.R. 435 (1999) and other Board cases granting relief to individuals who were perceived as whistleblowers even though the disclosures they had made fell short of protection.

## III

On October 24, 2011, the AJ issued his decision on Dunlap's IRA appeal. The AJ rejected disclosures 2 and 3 (which dealt with the agency's selection process) and disclosure 4 (which dealt with appellant's request for additional training) on the grounds that a disinterested observer could not reasonably conclude that any of the those three disclosures evidenced a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, or substantial and specific danger to public health or safety – which is the test that defines a protected disclosure. The AJ rejected disclosure 6, which is Dunlap's response to questions put to her by the Inspector General pertaining to an anonymous hotline complaint. Because Dunlap admitted that she might have been mistaken about the background facts of the disclosure, the AJ concluded that Dunlap's speculation did not qualify as a disclosure. Dunlap's disclosure 11 concerned alleged sexual harassment in the workplace. Because such matters are not considered "whistleblowing" disclosures, the AJ rejected disclosure 11.

Because the AJ rejected each of Dunlap's disclosures as not qualifying for protection in the IRA appeal, he denied Dunlap's request for corrective action without reaching the merits of Dunlap's claim that specific actions had been taken against her in reprisal for protected whistleblowing. The AJ noted that Dunlap's involuntary retirement claim had been previously adjudicated.

Dunlap then petitioned the full Board for review of the October 24, 2011 decision.

IV

The full Board denied Dunlap's petition for review on March 20, 2012. The full Board rejected Dunlap's claim that the AJ exercised bias against her and issued improper discovery and evidentiary rulings. Regarding the alleged protected disclosures, the full Board held that Dunlap failed to show any error in the AJ's conclusions that the disclosures qualified for protection. The Board also held that Dunlap had not properly raised her perceived whistleblower claim. Finally, the Board noted that it had already affirmed the rejection of Dunlap's involuntary retirement claim. Dunlap then petitioned for review in this court, and we have jurisdiction over her appeal under 28 U.S.C. §1295(a)(9). We must affirm the final decision of the Board unless we determine that the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. §7703(c)(2000).

V

Dunlap argues on appeal that she had insufficient notice that her IRA appeal would be limited to the specific disclosures actually adjudicated. But the record clearly shows that she was warned on August 19 of a specific time within which she was required to add any further claims, apart from the claims already raised in the Board's remand order or in her July 1 filing. Further, she argues that she "had reason to believe that all of her claims would be adjudicated." Her brief reiterates many arguments and factual assertions that she had previously made before the August 19 Order, and contends that those arguments and factual assertions should have been considered by the AJ in the remand decision. Acting pro se throughout, Dunlap may not have appreciated the steps taken by the AJ on remand to narrow and confine the issues for adjudication. The full record indeed con-

tains the matters Dunlap now argues the AJ should have considered in the remand decision. But the record also includes two Orders, the purpose of which was to define with precision the issues for adjudication. And, with one possible exception (not properly preserved on appeal) it is clear that the only matters left for adjudication were alleged disclosures 2, 3, 4, 6 and 11.[1]

Regarding those specific disclosures, Dunlap on appeal does not challenge the Board's legal assessment that none of the disclosures qualifies for protection. We have reviewed the record, and the AJ and full Board decisions after the remand, and we conclude that the grounds on which the AJ and full Board held the disclosures to be unprotected, under the correct legal test for protected disclosures, are sound and not incorrect.

We also affirm the final decision of the Board rejecting Dunlap's involuntary retirement claim. The facts found by the Board, in particular the fact that Dunlap freely chose retirement, are supported by substantial evidence, and the legal conclusion that Dunlap's retirement was not involuntary is correct.

Dunlap has asserted that the Board overlooked a number of statutory references. As the government points out in its responsive brief, none of those references are pertinent to decision of Dunlap's IRA appeal.

Upon careful review of the record, and all of Dunlap's assertions and arguments, we conclude that the

---

[1] As noted above, the Board determined that Dunlap waived adjudication of her perceived whistleblower claim by failing to raise it within seven days after the August 19 Order. Even if the issue was properly raised in Dunlap's August 29 brief to the AJ, Dunlap has not adequately preserved the perceived whistleblower claim on appeal. See *ConocoPhillips v. United States*, 501 F.3d 1374, 1381-82 (Fed. Cir. 2007).

Board committed no reversible error in denying Dunlap's request for corrective action in her IRA appeal and in denying her request for relief on account of an involuntary retirement.  The final decision of the Board is therefore <u>affirmed</u>.

## AFFIRMED

### COSTS

No costs.